UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| CECIL BENNETT, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>COMMONWEALTH OF KENTUCKY, )<br>)<br>Respondent. ) | No. 2:24-CV-14-REW-EBA<br><br>ORDER |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Cecil Bennett filed a *pro se* petition under 28 U.S.C. § 2254 for a writ of habeas corpus. *See* DE 1 (Petition). In the petition, Bennett seeks to vacate his Kentucky state convictions for sexual abuse. *See id.* at 1. The Commonwealth of Kentucky (the Respondent) filed an Answer to Bennett's petition, asserting untimeliness as an affirmative defense. *See* DE 22 (Answer) at 3. After the deadline for filing a reply expired with no submission from Bennett, Magistrate Judge Edward B. Atkins, on referral, reviewed the record and concluded that Bennett's petition is untimely. *See* DE 23 (Order Reply); DE 24 (Report and Recommendation). Accordingly, Judge Atkins recommended that the Court dismiss Bennett's petition and deny a certificate of appealability. *See* DE 24 at 6–7. Judge Atkins informed the parties of their right to object to the Recommendation under 28 U.S.C. § 636(b)(1) within fourteen days. *See id.* at 7. No party has objected, and the time to do so has passed.

In considering a magistrate judge's recommendation, the Court must review *de novo* any "portions of the report or specified proposed findings" to which any party objects. 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* But the Court is not required to "review . .

. a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review).

Upon review of Judge Atkins's Recommendation, the Court agrees with his analysis. Bennett's conviction became final on August 16, 2020, after the Kentucky Court of Appeals upheld his convictions, and the deadline to seek direct (here, discretionary) review of the appellate decision lapsed. *See Bennett v. Commonwealth*, NO. 2017-CA-001948-MR, 2020 WL 4516000 (Ky. Ct. App. July 17, 2020); *see also* Ky. R. Civ. P. 76.20(2)(b) (2020) (current version at Ky. R. App. P. 44(B)(2)) ("A motion for discretionary review by the Supreme Court of a Court of Appeals decision shall be filed within 30 days after the date of the order or opinion sought to be reviewed[.]"). Therefore, per AEDPA's one-year limitations period, *see* 28 U.S.C. § 2244(d)(1)(A), Bennett had until August 16, 2021, to file his § 2254 petition. He did not file his petition until January 23, 2024, over two years beyond the deadline. *See* DE 1. Bennett provides no plausible justification for the delay, nor has he asserted that he is entitled to equitable tolling. Therefore, the Court dismisses Bennett's petition as time barred. Judge Atkins entertained equitable tolling as a possible remedy, properly noting that Bennett would have the burden and that Petitioner had made no reply or other argument endeavoring to assert equitable tolling. The petition, simply stated, is untimely and must be dismissed.

For the reasons set forth in the Recommendation, *see* DE 24 at 6, the Court also sees no basis for the issuance of a certificate of appealability in light of the governing standard:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see also* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."). This is a non-merits decision, and the procedural ruling, as to this clearly tardy filing, unspared by equity, is not one subject to fair debate.

Accordingly, the Court **ADOPTS** DE 24, **DISMISSES** DE 1 **WITH PREJUDICE**, and **DENIES** a certificate of appealability. A Judgment to this effect will follow.

This the 3rd day of February, 2025.

Signed By:
Robert E. Wier  REW
United States District Judge